UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Perry L. and Emily M,
 as parents of and on behalf of
 their minor child, J.L.

                Plaintiffs,

v.                                                               Case No.

Milwaukee Montessori School,

                Defendant.

## COMPLAINT

Plaintiffs Perry L. and Emily M., as parents of and on behalf of their minor child, J.L., through their attorney, Jeffrey Spitzer-Resnick, hereby, bring the following Complaint against Defendant Milwaukee Montessori School, as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1331(b).

### THE PARTIES

3. Perry L. is the natural father of J.L., who resides in Milwaukee County.

4. Emily M. is the natural mother of J.L., who resides in Milwaukee County.

5. J.L. is a minor disabled child of his married parents Perry L. and Emily M., who resides in Milwaukee County.

6. The Milwaukee Montessori School (hereinafter MMS) is a private school located in Milwaukee County.

1

# FACTS

7. Defendant MMS notified Plaintiffs that J.L. was accepted to attend MMS on March 18, 2021.

8. On March 30, 2021, Plaintiffs Perry L. and Emily M. submitted 2020-2021 School Form & Permissions in order for Plaintiff J.L. to attend the Defendant MMS.

9. While Plaintiffs Perry L. and Emily M. had applied for J.L. to begin attending MMS at the beginning of the 2021-22 school year, after he was accepted by MMS, Defendant MMS encouraged Plaintiffs to immediately disenroll J.L. from his previous school and start attending MMS as soon as possible to ease his transition into the school instead of starting J.L. at the beginning of the following year.

10. Plaintiff J.L. started attending MMS on April 12, 2021 and attended for the remainder of the 2020-21 school year without incident. In fact, his report card stated that J.L. was "a delightful addition to our classroom," and that the teachers and staff "look forward to fostering his growth in the coming years."

11. Plaintiff J.L. returned to attend a summer program at Defendant MMS in July of 2021.

12. Plaintiff J.L. returned to attend the Defendant MMS for second grade starting on August 23, 2021.

13. On August 31, 2021, MMS 2nd grade teacher, Deepti Arora told Plaintiff Emily M. that J.L. was having challenges paying attention in school and was interrupting instruction.

14. On September 8, 9, 10, 13, 14, 15, 16, 17, 20 and 21, 2021 Plaintiff Emily M. asked Deepti Arora in person at school pick-up for a meeting to discuss Plaintiff J. L.'s reported challenges with inattention and interrupting. Deepti Arora did not agree to a meeting and said someone from MMS will "be in touch".

15. On September 22, 2021, MMS Head of School Monica Van Aken authored an e-mail using Deepti Arora's e-mail account, to Plaintiffs Perry L. and Emily M. demanding that they take J.L. to his pediatrician to be assessed due to his behavior at school. She also demanded that they ask his pediatrician to provide the Child Attention Profile (CAP) to the school for J.L's teachers to complete. The CAP is a behavior rating scale commonly used for children with Attention Deficit Hyperactive Disorder (ADHD) and other disabilities, indicating that Ms. Van Aken was treating J.L. as if he had a disability.

16. On the morning of September 28, 2021, the Defendant MMS met with Plaintiffs Perry L. and Emily M. for a parent-teacher conference. Ms. Van Aken said "we are done here!" and left the meeting abruptly in response to queries about behavioral strategies used in the classroom to support children with inattention and impulsivity such as J.L.

3

17. In the afternoon of September 28, 2021, the Defendant MMS sent Plaintiffs Perry L. and Emily M. a letter dismissing J.L. from MMS via e-mail for alleged behavior that was a manifestation of J.L.'s disability (a true copy of said e-mail is attached as Ex. A).

18. Plaintiffs Perry L. and Emily M. protested the dismissal of their son by sending a letter to the Defendant MMS Board of Trustees (a true copy of said letter is attached as Ex. B).

19. Defendant MMS responded to Plaintiffs Perry L. and Emily M. on September 31, 2021, agreeing to hold its dismissal of J.L. in abeyance (a true copy of said response is attached as Ex. C).

20. The undersigned attorney wrote the MMS Board of Trustees on behalf of the plaintiffs on October 4, 2021 (a true copy of said letter is attached as Ex. D). In said letter, among other things, the undersigned attorney reminded MMS of its obligations under the Americans with Disabilities Act (ADA) and that it should have known of those obligations due to its participation in a mandatory remediation training over its failure to previously comply with the ADA in 2014. (See *United States of America v. Milwaukee Montessori School,* 14-C-1196 (E.D. Wis.), consent decree issued).

21. On October 8, 2021, defendant MMS' attorney Joel Aziere wrote to the undersigned attorney falsely claiming that the ADA does not apply to MMS, despite the fact that his law firm represented MMS in *United States of America v. Milwaukee Montessori School,* 14-C-1196 (E.D.

Wis.), consent decree issued (a copy of said letter is attached hereto as Ex. E).

22. On October 8, 2021, Plaintiffs Perry L. and Emily M. met with MMS Head of School Monica Van Aken at Defendant's attorney's law office in an effort to resolve their dispute. All parties had their attorneys present during the meeting. During that meeting, Plaintiffs Perry L. and Emily M. presented a variety of sample reasonable accommodations that have been used in classroom settings to address inattention and impulsivity and which could possibly help their son, J.L. succeed at school. Neither Ms. Van Aken, nor her attorney, nor anyone else associated with MMS agreed to implement any of the suggested reasonable accommodations.

23. After the October 8, 2021, meeting, Plaintiffs Perry L. and Emily M. discovered that Defendant MMS had removed them from its internal communication system which all MMS parents have access to, thereby treating them differently than all other MMS parents and disrupting their ability to communicate with MMS staff and other parents.

24. On October 18, 2021, Plaintiff Emily M., e-mailed Plaintiff J.L.'s teacher Deepti Arora regarding bullying that was being perpetrated against J.L. in school (a true copy of which is attached as Ex. F). Neither Ms. Arora nor anyone else from MMS ever responded to Plaintiff Emily M.'s concerns.

5

25. On October 25, 2021, Plaintiff Perry L. e-mailed J.L.'s teacher and Monica Van Aken expressing concern that no one at MMS had responded to Emily M.'s October 18th e-mail about J.L. being bullied at MMS. He further expressed concern that J.L. reported that his teachers were not helping him with his schoolwork in class.

26. Through a letter from Defendant MMS' attorney Joel Aziere, dated November 11, 2021, to the undersigned counsel, the MMS permanently dismissed Plaintiff J.L. from its school.

27. Plaintiff J.L. went through a neuropsychological examination during November and December of 2021. That examination determined that J.L. has Attention Deficit Hyperactive Disorder (ADHD) and made recommendations for his school to reasonably accommodate his disability. (A true copy of said report is attached as Ex. G).

28. Due to MMS' dismissal, Plaintiff J.L. did not attend school again until January 3, 2022, when he began to attend Cumberland Elementary School in the Whitefish Bay, Wisconsin school district, where he continues to attend school.

29. Plaintiff J.L. continues to attend the Cumberland Elementary School in Whitefish Bay where he has been a successful student there without the need for special education services or individualized supports, beyond what they provide for all students in the classroom.

30. Plaintiff J.L. suffered substantial emotional distress while he attended MMS due to the school's refusal to accommodate his disability and

protect him from being bullied. He has been in therapy since his dismissal from MMS because his self-concept has been damaged due to the disruption in his routine and the discrimination which he endured. He has suffered from clinically significant anxiety that his parents and therapist continue to manage.

**FIRST CAUSE OF ACTION**
**Relief Under the Americans with Disabilities Act (ADA)-Title III**
**Plaintiff J.L**

31. Plaintiffs repeat and reassert the allegations contained in Paragraphs 1-30 as if fully set forth herein.

32. The Defendant discriminated on the basis of J.L.'s disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182(a) and the Title III implementing regulation at 28 C.F.R. Part 36.

33. Defendant MMS discriminated against Plaintiff J.L. on the basis of his disability by failing to reasonably accommodate his disability while he attended school there in violation of 42 USCA § 12181 (7)(J).

34. Defendant MMS discriminated against Plaintiff J.L. on the basis of his disability by dismissing him from school for behaviors that were a manifestation of his disability in violation of 28 CFR Part 36.

35. Defendant MMS discriminated against J.L. by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals

with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii) and its implementing regulation at 28 C.F.R. § 36.302.

36. Defendant MMS' action in disenrolling J.L., on the basis of disability, constitutes a denial of the opportunity of J.L. to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity in violation of 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202.

**SECOND CAUSE OF ACTION**
**Retaliation for Asserting Rights Under the ADA-Perry L.**

37. Plaintiffs repeat and reassert the allegations contained in Paragraphs 1-36 as if fully set forth herein.

38. The Defendant retaliated against Plaintiff Perry L. on the basis of Perry L.'s assertion of his son J.L.'s rights under the ADA in violation of the ADA, 42 U.S.C. §12203(a) and the at 28 C.F.R. § 36.206.

39. Defendant MMS' actions in excluding or otherwise denying equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to Plaintiff Perry L. because of the known disability of his son, J.L., are in violation of 42 U.S.C. § 12182(b)(1)(E) and 28 C.F.R. § 36.205.

**THIRD CAUSE OF ACTION**
**Retaliation for Asserting Rights Under the ADA-Emily M.**

40. Plaintiffs repeat and reassert the allegations contained in Paragraphs 1-39 as if fully set forth herein.

8

41. The Defendant retaliated against Plaintiff Emily M. on the basis of Emily M.'s assertion of her son J.L.'s rights under the ADA in violation of the ADA, 42 U.S.C. §12203(a) and the at 28 C.F.R. § 36.206.

42. Defendant MMS' actions in excluding or otherwise denying equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to Plaintiff Emily M. because of the known disability of her son, J.L., are in violation of 42 U.S.C. § 12182(b)(1)(E) and 28 C.F.R. § 36.205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Perry L., Emily M. and J.L., respectfully request that the Court enter judgment as follows:

A. Grant judgment in favor of the Plaintiffs and declare that Defendant violated Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36.

B. Enjoin Defendant, its board, officers, agents, employees, and all others in concert or participation with it, from engaging in discrimination against individuals with disabilities, and specifically from failing to comply with Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36;

C. Order Defendant to comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36;

9

D. Order Defendant to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's discriminatory conduct to the position that he or she would have been in but for Defendant's conduct;

E. Award compensatory damages, including damages for pain, suffering, and distress, to Plaintiffs, who are persons aggrieved due to Defendant's actions, in violation of the ADA, for injuries suffered as the result of Defendant's violations of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, Part 36;

F. Assess a civil penalty against Defendant in the maximum amount authorized by § 12188(b)(2)(C), to vindicate the public interest;

G. Assess exemplary damages against Defendant for its knowing and willful violation of Plaintiffs' rights under the ADA despite the consent decree to which it had previously agreed to in which it agreed to refrain from further violations of the ADA;

H. Order Defendant to pay Plaintiffs' attorney's fees and costs; and

I. Order such other appropriate relief as the interests of justice may require.

Respectfully submitted this \_\_\_\_\_ day of October 2022.

s/Jeffrey Spitzer-Resnick
Jeffrey Spitzer-Resnick
Attorney for Plaintiffs
Systems Change Consulting, LLC
430 Sidney St.
Madison, WI 53703
(608) 206-7164
jspitznick@gmail.com