UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PERRY L, EMILY M and J.L.,

        Plaintiffs,

v.                                                  Case No. 22-cv-1244-bhl

MILWAUKEE MONTESSORI SCHOOL,

        Defendants.

## ORDER ON MOTION FOR REDACTION

      Plaintiff J.L. and his parents Perry L. and Emily M. want to conduct this litigation anonymously. (*See* ECF No. 1.) On November 14, 2022, they filed a motion seeking to redact their names and proceed under pseudonyms. (ECF No. 9.) Defendant Milwaukee Montessori School never responded. But because the Court's docket is presumptively public, even an unopposed motion for redaction is not guaranteed to succeed. A district "judge has an independent duty to determine whether exceptional circumstances justify . . . a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

      "Anonymous litigation is disfavored and should be permitted only under exceptional circumstances." *Doe ex rel. Doe v. Elmbrook School Dist.*, 658 F.3d 710, 722 (7th Cir. 2011) (internal citations omitted), *overruled on other grounds by Doe ex rel. Doe v. Elmbrook School Dist.*, 687 F.3d 840 (7th Cir. 2012). Federal Rule of Civil Procedure 5.2(a) identifies some of those circumstances, including when litigation involves "the name of an individual known to be a minor." Thus, because J.L. is a minor, he is "entitled to litigate anonymously." *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019).

      The same, however, cannot be said for Perry L. and Emily M. The Seventh Circuit has never afforded a minor's parents the automatic, corollary right to proceed anonymously in litigation involving that minor. *See id.* (holding that minor children could litigate anonymously, but their divorced parents could not). Rather, adults seeking to litigate under pseudonyms must rebut "the presumption that parties' identities are public information . . . by showing that the harm

to the party requesting anonymity exceeds the likely harm from concealment." *Elmbrook School Dist.*, 658 F.3d at 721 (internal citations omitted). In *Elmbrook*, the Seventh Circuit affirmed a district judge's decision to permit adults to litigate anonymously because the movants submitted "a thorough motion that cited the appropriate cases" and supported that motion with "sworn declarations from eight of the plaintiffs," and the case involved minor children. *Id.* at 723-24. By contrast, Perry L.'s and Emily M.'s motion cites no caselaw and incorporates no sworn affidavits. (ECF No. 9.) In fact, their only argument is that publication of their last names will defeat the purpose of Fed. R. Civ. P. 5.2(a). (*Id.* at 1.) That unsupported assertion fails to satisfy the "exceptional circumstances" requirement.

That said, the Court recognizes the danger of immediately unsealing the docket. *See P.D. ex rel. C.D. v. Carroll Consolidated School Corp.*, 820 F.Supp.2d 907, 909 (N.D. Ind. 2011). Plaintiffs may have good reasons to proceed anonymously that they simply failed to include in their motion, and publicization could therefore lead to serious harm. Accordingly, the Court will temporarily maintain Plaintiffs' anonymity and allow them another opportunity to file a sufficient motion. If there are exceptional circumstances in this case that would justify the continued anonymity of J.L.'s parents, Plaintiffs should highlight them in a renewed motion. That motion "should recognize the presumption against anonymity for adult parties and clearly show that the harm to J.L. and/or his parents exceeds the likely harm from concealment." *Id.* (citations omitted).

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Redaction, ECF No. 9, is **GRANTED**, **in part**. Minor J.L. may proceed anonymously.

**IT IS FURTHER ORDERED** that the balance of Plaintiffs' Motion for Redaction will be held under consideration to allow Plaintiffs a chance to supplement the record. If they believe that exceptional circumstances justify maintaining their anonymity in this case, Plaintiffs Perry L. and Emily M. must file a renewed motion, on or before **December 20, 2022**, highlighting those exceptional circumstances and explaining how enforcing the presumption against anonymity exceeds the likely harm from concealment.

Dated at Milwaukee, Wisconsin on December 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge