# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

PERRY L. and EMILY M.,
as parents of and on behalf of
their minor child, J.L.,

        Plaintiffs,

      v.                            Case No. 2:22-CV-01244-BHL

WISCONSIN MONTESSORI SOCIETY, INC.,
d/b/a Milwaukee Montessori School,

        Defendant.

## DECLARATION OF MONICA VAN AKEN

STATE OF WISCONSIN           )
                               ) ss.
COUNTY OF MILWAUKEE     )

      I, Monica Van Aken, do hereby swear under oath as follows:

      1.      I am the Head of the School at Milwaukee Montessori School ("MMS"), which maintains its principal place of business at 345 N 95th St, Milwaukee, WI 53226.

      2.      I make this Affidavit based on personal knowledge and in support of MMS's Motion for Summary Judgment in this matter.

      3.      MMS is a private, Milwaukee based school which provides education for students ranging from pre-school to eighth grade. MMS's education approach involves some full-group instruction but primarily focuses on small-group lessons, delivered according to each student's level of knowledge and mastery, using a variety of teaching methods. After receiving instruction,

students are expected to independently complete exercises, lessons, or assignments at a pace appropriate for their age and grade level.

4.      J.L. was enrolled at MMS as a second-grade student from August 2021 until his dismissal in November 2021. This decision was made after it became evident that J.L. was unable to remain seated during lessons, frequently interrupted the class, disrupted children as they worked and consistently failed to work independently, even when given modified, shortened assignments. His behavior not only impeded his own learning, but also significantly disrupted the educational environment and the learning experience of other students at MMS.

5.      Attached hereto as **Exhibit A** is a true and accurate copy of an October 16, 2021, letter from Attorney Joel Aziere to Attorney Jeff Spitzer-Resnick. I provided the substantive content for this letter. This letter truthfully and accurately delineates the techniques incorporated by MMS for J.L. during his enrollment at MMS.

6.      Prior to J.L.'s dismissal, MMS implemented numerous techniques for J.L. to help him try to find success at MMS, which are detailed in in the aforementioned Exhibit A to this affidavit.

7.      These techniques included, but were not limited to the following:

      a.      MMS took steps to reintroduce concepts to J.L. and provide repetition of skills and concepts.

      b.      Lessons were kept short and repetitive, and J.L. was provided with sample problems to check for understanding in each subject.

      c.      Teachers provided J.L. with additional time to complete works entirely and correctly.

d.      J.L.'s teachers handwrote his individual assignments to reduce visual input, and also printed out fewer math problems for him to do as compared to other students.

e.      J.L. was also given one-on-one lessons in some subjects and was seated directly next to the teacher who provided direct oversight, prompts and cues, and repetitive one-part instructions to him.

f.      J.L. was given the freedom to take his own breaks and to move around on his own.

g.      MMS' five school rules were prominently displayed in the classroom, and procedures were routinely practiced in the academic and specialist classrooms as daily reminder tools for J.L.

h.      When J.L. needed to be reminded of these rules, teachers and faculty would pull him aside and speak to him on a one-on-one basis.

8.      With these techniques in place, MMS staff observed J.L. to ascertain whether these attempted adjustments were successful in enabling J.L. to make academic gains at MMS.

9.      Twelve individuals were part of this process.

10.     Attached hereto as **Exhibit B** is a true and accurate copy of a November 12, 2021, letter from Attorney Joel Aziere to Attorney Jeff Spitzer-Resnick.  I provided the substantive content for this letter.  This letter truthfully and accurately describes the process put in place for J.L. and summarizes the observations of the individuals who participated in this process.

11.     Attached hereto as **Exhibit C** is a true and accurate copy of a document referred to throughout this matter as "the binder."  The binder contains notes, observations, and examples of work product compiled by the individuals who observed J.L. during this observation period.

12. Despite all of the adjustments referenced above and in the exhibits attached hereto, J.L. continued to fall woefully behind his peers and continued to disrupt the educational environment of other MMS students.

13. A summary of J.L.'s continued issues can be found in the aforementioned Exhibit B attached hereto. These issues included, but were not limited to the following:

a. J.L. continued to have difficulty following oral instructions.

b. J.L. had difficulty making academic progress by demonstrating mastery of concepts needed to allow him to move forward through the curriculum and meeting grade level expectations for quality and quantity of work including demonstrating age- or grade-level independence in his work.

c. J.L. had difficulty controlling his behavior so that it did not interfere with his learning or the learning of other students.

d. J.L. continued to have difficulty displaying appropriate social skills that would allow him to develop positive relationships with his peers.

e. J.L. continued to at times destroy his own work and the work of other students.

f. J.L. also required constant attention from teachers and staff, in turn preventing the faculty at MMS from helping other children.

g. J.L.'s behavior routinely created significant disruption in the classroom environment, and he would often interfere with the educational experience of his peers.

14. I am the individual who made the final decision to dismiss J.L. from MMS.

15. I made the decision to dismiss J.L. from MMS because, even with implementation of multiple techniques to assist J.L., J.L. was not able to find success at MMS, was not able to

compete the work assigned to him, and J.L. continued to disrupt the educational environment of other students at MMS.

16.     My decision to dismiss J.L. from MMS was not based on any disability of J.L. or any perception of a disability.

17.     I never regarded J.L. as having a disability of any kind during his time at MMS. Instead, I simply believed I was dealing with an overactive child and attempted to put in place techniques to assist J.L. in finding success at MMS.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 13th day of September, 2024.

_____/s/  Monica Van Aken_____
Monica Van Aken
