UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

PERRY L. and EMILY M.,
as parents of and on behalf of
their minor child, J.L.,

      Plaintiffs,              Case No.:      2:22-CV-01244-BHL

    v.

WISCONSIN MONTESSORI SOCIETY, INC.,
d/b/a Milwaukee Montessori School,

      Defendant.

---

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES

---

At the commencement of this action, Plaintiffs and their counsel made material misrepresentations to the Court regarding their standing. Specifically, despite Defendant repeatedly challenging Plaintiffs' intent to reenroll J.L. at MMS, Plaintiffs and their counsel intentionally withheld information regarding their move to London, England. Such information would have enabled the Court to dismiss this action at the pleading stage for lack of standing. However, these intentional omissions resulted in two and one-half years of unnecessary litigation, resulting in significant unwarranted expense to Defendant.

Defendant Milwaukee Montessori School ("MMS") submits this Motion for Attorneys' Fees pursuant to Fed. R. Civ. Procedure 54(d)(2), and 42 U.S.C. § 12205 for Attorney's fees recoverable under the Americans with Disabilities Act, and pursuant to this Court's Order Dismissing Plaintiffs claims for lack of subject matter jurisdiction. Defendant seeks attorneys' fees in the amount of $439,224.50 for the costs it has incurred retaining legal counsel to defend

1

Plaintiffs' claims MMS violated Title III of the ADA and Section 504 of the Rehabilitation Act of 1973.

**DISCUSSION**

1. The facts of this case are laid out in the Court's Order Dismissing Plaintiffs claims for lack of subject matter jurisdiction. [Dkt. #93]. For purposes of this motion, such facts are incorporated by reference.

2. Under Rule 54(d)(d) a motion for attorneys fees in federal court must: (1) be filed no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

3. This Court entered its Order dismissing Plaintiffs claims for lack of subject matter jurisdiction on April 24, 2025, and as such this motion is timely filed and MMS is the prevailing party in this action.

4. MMS moves this Court for attorneys' fees pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205, which provides "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs…"

    a. Plaintiffs filed their third amended complaint on July 7, 2023, alleging MMS violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii). [Dkt. #29, p. 8].

  b. Plaintiffs moved to London, England, where they remain to date, in August of 2023, and had been planning their move to London as early as November of 2022. [Dkt. #29, p. 6].

5. The Supreme Court has held defendants can recover attorneys' fees when prevailing in civil rights actions, by way of a fee shifting statute, when the plaintiff's claims were "frivolous, unreasonable, or groundless… or if the plaintiff continued to litigate after [the case] clearly became [frivolous, unreasonable, or groundless]." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 423 (2016).

6. The Supreme Court also held "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *Id*. at 431.

7. The Supreme Court in *CRST* came to its holding in its analysis of 42 U.S. Code § 2000e-5, which contains the enforcement provisions of the civil rights act of 1964.

  a. The applicable provision is 42 U.S. Code § 2000e-5(k), which is substantially similar to 42 U.S.C. § 12205 and states "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party… a reasonable attorney's fee (including expert fees) as part of the costs…"

8. In its Order in the present case, this Court noted that "Plaintiffs were already planning to move to London by the time they filed their First, Second, and Third Amended Complaints. Even though Milwaukee Montessori had questioned their standing as early as December 2022, Plaintiffs made no mention to the Court of their planned move until dispositive motions were filed. Given the significance of their intended move and its relevance to the standing arguments at play before the Court, Plaintiffs' failure to be forthcoming is troubling. Had they disclosed their intentions, their lack of standing could have been

resolved sooner and all parties (and the Court) spared significant time and effort." [Dkt. #93, p. 6, fn. 1).

9. Plaintiffs' move to London, and in fact their plan to move to London, for an indefinite amount of time rendered their lawsuit against MMS unreasonable and groundless.

10. Further, Plaintiffs' failure to disclose this fact to this Court for years, despite their standing being in question throughout multiple versions of their amended complaint, illustrates Plaintiffs' understanding this key detail was fatal to their ability to have standing to bring their claims against MMS.

11. As a result, Plaintiffs claims for violations of the ADA and Section 504 were frivolous, unreasonable, and groundless, and as a result, MMS prevailed in this lawsuit.

12. Because Plaintiffs continued to litigate this case after it became clear the case was frivolous, unreasonable, or groundless, MMS is entitled to recover attorney's fees for their costs incurred in defending this lawsuit while Plaintiffs continued to withhold dispositive details related to their standing.

13. MMS has incurred attorneys' fees in the amount of $439,224.50, in addition to other taxable costs associated with their defense of this case.

14. MMS respectfully requests this Court grant its motion for Attorney's fees pursuant to Fed. R. Civ. Procedure 54(d)(2), and 42 U.S.C. § 12205, as MMS have prevailed in the present case and Plaintiffs continued to pursue litigation despite their claims clearly being unreasonable and groundless.

Dated this 7th day of May 2025.

> Respectfully Submitted,
>
> BUELOW VETTER BUIKEMA OLSON
> & VLIET, LLC
>
> */s/ Joel S. Aziere*
> Joel S. Aziere (WI Bar No. 1030823)
> jaziere@buelowvetter.com
> Benjamin C. Bauman (WI Bar No. 1122203)
> Bbauman@buelowvetter.com
>
> **Buelow Vetter Buikema Olson & Vliet, LLC**
> 20855 Watertown Road, Suite 200
> Waukesha, Wisconsin 53186
> Telephone: (262) 364-0250
> Facsimile: (262) 364-0270
>
> *Attorneys for Defendant, Wisconsin Montessori Society, Inc., d/b/a Milwaukee Montessori School*