UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PERRY L, EMILY M and J.L.,

           Plaintiffs,

v.                                                 Case No. 22-cv-1244-bhl

MILWAUKEE MONTESSORI SCHOOL,

           Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR COSTS AND MOTION FOR ATTORNEY'S FEES AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS

       In the fall of 2021, Plaintiff J.L., a young boy with Attention Deficit Hyperactive Disorder (ADHD), was expelled from the Milwaukee Montessori School. Believing that the expulsion was discriminatory, his parents, Plaintiffs Perry L. and Emily M., filed suit against the school, alleging that J.L.'s dismissal violated Title III of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973. From the beginning, Milwaukee Montessori challenged Plaintiffs' standing to seek their requested relief, moving to dismiss three times on standing grounds and renewing its challenge to standing at summary judgment. After an evidentiary hearing at which the parents confirmed they had moved to London shortly after filing their Third Amended Complaint and had no concrete plans to return to Wisconsin or to reenroll J.L. at the Milwaukee Montessori School, the Court granted the school's motion for summary judgment and dismissed the case for lack of standing. Now pending before the Court are disputes over fees and costs arising from the dismissed case.

       On May 7, 2025, Milwaukee Montessori filed a bill of costs, (ECF No. 96), and a motion for attorney's fees. (ECF No. 98.) The school contends it is entitled to fees and costs as a prevailing party under 42 U.S.C. §12205 and *CRST Van Expedited, Inc.* v. *EEOC*, 578 U.S. 419, 423 (2016). Plaintiffs oppose Milwaukee Montessori's request for attorney's fees, arguing that Milwaukee Montessori is not a prevailing party, and that Plaintiffs' claims were not frivolous or unreasonable to maintain. (ECF Nos. 101 & 103.) Plaintiffs have also moved for sanctions against Milwaukee Montessori's counsel, contending that the requests for fees and costs were filed for an

improper purpose and in bad faith, under Federal Rule of Civil Procedure 11. (ECF Nos. 108 at 11; 113 at 11–13.) Milwaukee Montessori opposes Plaintiffs' motion for sanctions and has requested additional fees incurred in responding to it. (ECF No. 112 at 21.)

For the reasons set forth below, the Court concludes that Milwaukee Montessori is entitled to both fees and costs. The school is entitled to costs under 28 U.S.C. §1919 and has sufficiently substantiated its request to justify an award of $3,685.10. The Court also concludes that Milwaukee Montessori is entitled to attorney's fees because it is a prevailing party and Plaintiffs continued to litigate after it became frivolous and unreasonable to do so. But the Court is unable, at this point, to determine a reasonable amount of attorney's fees because the parties' briefing is insufficient. The Court will therefore order the parties to meet and confer to establish a reasonable award of attorney's fees and, if they cannot agree, to submit supplemental briefing related to an appropriate fee award. The Court will deny Plaintiffs' Motion for Sanctions for failing to comply with the procedural requirements of Federal Rule of Civil Procedure 11(c)(2).

## BACKGROUND

In the spring of 2021, Perry L. and Emily M. enrolled J.L. at Milwaukee Montessori for the end of his first-grade year. (ECF No. 87 at 2 ¶4.) That fall, at the start of second grade, J.L.'s teacher began reporting behavioral issues. (*Id.* at 52–54 ¶¶5–8.) The issues persisted, and the school ultimately terminated J.L.'s enrollment in November 2021. (ECF No. 93 at 2–3.) Shortly thereafter, J.L. was formally diagnosed with ADHD. (ECF No. 87 at 39 ¶¶63–64.)

In October 2022, Plaintiffs brought this lawsuit against Milwaukee Montessori, alleging that the school expelled J.L. due to his ADHD in violation of Title III of the ADA and Section 504 of the Rehabilitation Act of 1973 and seeking damages and injunctive relief. (ECF No. 1.) After Plaintiffs amended their complaint, (ECF No. 10), the school moved to dismiss, predominantly arguing that Plaintiffs lacked standing to pursue their claims, (ECF Nos. 15 & 16). Plaintiffs again amended their complaint, (ECF No. 20), and Milwaukee Montessori again moved to dismiss on standing and other grounds, (ECF Nos. 24 & 25). On June 7, 2023, the Court granted Milwaukee Montessori's motion and dismissed the Plaintiffs' second amended complaint for lack of standing, but with leave to amend. (ECF No. 28.) The Court concluded that the second amended complaint's failure to allege an intent to reenroll J.L. at Milwaukee Montessori precluded standing for injunctive relief and that Plaintiffs had not alleged any monetary harm that was recoverable under either statute. (*Id.* at 3–6.)

On July 7, 2023, Plaintiffs filed their third amended complaint, this time alleging an intent to return J.L. to Milwaukee Montessori if the Court ordered the school to cease discriminating against him, provide him with reasonable accommodations, and readmit him. (ECF No. 29 ¶32.) The school again moved to dismiss on standing grounds, (ECF Nos. 30 & 31), but this time the Court held that Plaintiffs' stated intent to reenroll J.L. was sufficient to establish standing for injunctive relief, at least at the motion to dismiss stage, (ECF No. 37 at 4–7.)

During discovery, Milwaukee Montessori learned that, in August 2023, Plaintiffs had sold their home outside Milwaukee and moved to London, England, with no concrete plans to return to Milwaukee and no possibility of attempting to reenroll J.L. at Milwaukee Montessori. (ECF No. 93 at 5–6.) At summary judgment, the school renewed its challenge to standing based on the discovered facts. (ECF No. 82 at 8–11.) After an evidentiary hearing, the Court agreed and held that Plaintiffs' move out of the country and indefinite plans to return made any future injury that J.L. might suffer too speculative to support standing for injunctive relief. (ECF No. 93 at 6–9.) After concluding that Plaintiffs also lacked standing to pursue damages, the Court granted summary judgment to Milwaukee Montessori and dismissed the case for lack of subject-matter jurisdiction on April 24, 2025. (*Id.* at 9–11.)

Soon after this case was dismissed, Milwaukee Montessori reached an agreement with the United States Department of Justice (USDOJ) in relation to alleged violations of the ADA. (ECF No. 106-1 at 11–12.) J.L was one of the students whose treatment was at issue in that parallel matter. (*See* ECF No. 113-4 at 3.) The agreement with the USDOJ required that Milwaukee Montessori pay both the government and individual families, and required that those families release all claims against Milwaukee Montessori. (ECF Nos. 113-4 at 3; 106-1 at 11–12.)

After this case was dismissed, the parties continued to correspond about a potential settlement. (ECF No. 108 at 4.) During those negotiations, Plaintiffs' Counsel, Jeffrey Spitzer-Resnick, requested that Defendant's Counsel, Joel Aziere, send a draft settlement agreement. (ECF No. 106 ¶5.) Aziere sent the draft settlement agreement on May 2, 2025, with a request that Plaintiffs inform him whether they agreed to its terms by May 7, 2025. (*Id.*) On May 7, 2025, Spitzer-Resnick informed Aziere by email that his clients intended to sign the draft settlement agreement but their "agreement to sign it [was] contingent on [Milwaukee Montessori] signing the settlement agreement with USDOJ[.]" (ECF No. 113-5.) Aziere responded later that day, rejected the proposed conditions, and rescinded any pending offers from Milwaukee Montessori. (ECF

No. 113–6.) On that same day, May 7, Milwaukee Montessori filed a bill of costs and motion for attorney's fees. (ECF Nos. 96 & 98.) Spitzer-Resnick emailed Aziere that afternoon to ask if the filing was in error. (ECF No. 106 ¶8.) Aziere responded on May 8, 2025, confirming the filing was not in error, reiterating that Spitzer-Resnick had put contingencies on the settlement agreement that he had drafted, and making clear that the settlement offer had been withdrawn. (ECF No. 113-7 at 1–2.)

Spitzer-Resnick and Aziere continued to correspond in relation to the bill of costs and motion for attorney's fees. (ECF No. 108 at 6.) On May 21, 2025, Spitzer-Resnick sent an email informing Aziere that his clients were signing the release in the USDOJ settlement with Milwaukee Montessori and discussing his objections to Milwaukee Montessori's motion for attorney's fees. (ECF No. 113-1 at 2.) He asserted that because the Court dismissed his clients' case without prejudice, Milwaukee Montessori was not the prevailing party, and that "the USDOJ settlement clearly demonstrate[d] that my clients' claims were not frivolous, unreasonable or groundless." (*Id.* at 2.) He also stated:

> I do not believe that the court will grant your motions for attorney's fees and costs, and if you persist on litigating those motions, I will file a Rule 11 Motion against you seeking attorney's fees for defending against your motions. Accordingly, if you withdraw your motions for costs and attorney's fees by the close of business tomorrow, May 22nd, before I have to engage in further work in defending against these motions, my clients will agree not to seek sanctions against you for filing those motions. Such an agreement not only allows both of our clients to move on, it saves them the expense of continuing to litigate these motions. If you agree to my proposal, I will leave it to you as to whether you want it memorialized in a signed, written agreement, or as honorable attorneys we can simply agree that if you withdraw your motions, I will not file a Rule 11 motion.

(ECF No. 113-1 at 3.) Milwaukee Montessori did not withdraw its motions for costs and attorney's fees. Plaintiffs filed their motion for sanctions against Aziere on May 28, 2025. (ECF No. 107.)

## ANALYSIS

Several competing requests are before the Court. Milwaukee Montessori seeks costs totaling $3,685.10[1] and attorney's fees of $439,224.50. (ECF Nos. 96 & 98). Plaintiffs have also moved for Rule 11 sanctions against Attorney Joel Aziere, Milwaukee Montessori's lead counsel.

---

[1] Defendant's Bill of Costs totals $3,721.72, (ECF No. 96 at 1), but the school concedes that costs for two conference calls totaling $36.62 were erroneously included in the total, (ECF No. 110 at 5).

(ECF No. 107). Finally, Milwaukee Montessori seeks attorney's fees for having to defend against Plaintiffs' Rule 11 motion. (ECF No. 112 at 19–20.) The Court will handle each request in turn.

## I. The Court Will Award Milwaukee Montessori Costs.

Federal Rule of Civil Procedure 54(d) provides courts discretion to award costs to the prevailing party, "[u]nless a federal statute . . . provides otherwise." While Milwaukee Montessori has not invoked this particular statute, 28 U.S.C. §1919 authorizes an award of "just costs" when a case is dismissed for lack of subject matter jurisdiction. In determining just costs, the Court considers "what is most fair and equitable under the totality of the circumstances." *PNC Bank, N.A. v. Amcraft Bldg. Prods. Co.*, No. 10-C-0173, 2015 WL 1167336, at *1 (E.D. Wis. Mar. 13, 2015) (citation omitted).

Whether to award costs under Section 1919 in a case dismissed on jurisdictional grounds is a matter of discretion. *Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.*, 166 F.R.D. 25, 27–28 (E.D. Wis. 1996); *Hygienics Direct Co. v. Medline Indus., Inc.*, 33 Fed. App'x 621, 625–26 (3d Cir. 2002). Courts look to the parties' conduct to determine whether awarding costs would be just. *See Edward W. Gillen Co.*, 166 F.R.D. at 28 (declining to award costs under §1919 in case ultimately dismissed for lack of subject matter jurisdiction when parties worked diligently towards resolving the case through mediation and participated extensively in discovery); *see also Hygienics Direct*, 33 Fed. App'x at 626 (affirming district court's denial of costs because plaintiff had plausible grounds to assert federal jurisdiction).

In this case, the Plaintiffs' case was dismissed for lack of subject matter jurisdiction after the Court learned that Plaintiffs had moved to London in 2023, leaving them unable to establish a sufficiently concrete injury to provide standing for their lawsuit. (ECF No. 93.) This revelation came after discovery and months after Plaintiffs' standing had been repeatedly questioned. Plaintiffs' conduct reflects a fundamental and troubling lack of candor toward the Court and their adversary. Moreover, Plaintiffs' failure to be forthcoming drove up the expense of litigation, making an award of just costs to Milwaukee Montessori entirely appropriate. *Edward W. v. Gillen Co.*, 166 F.R.D. at 28; *Hygienics Direct*, 33 Fed. Appx. at 626.

Milwaukee Montessori submitted a bill of costs, (ECF No. 96), which it later modified to exclude two conference calls that occurred before the initial filing of this case, (ECF No. 110 at 5). Milwaukee Montessori's corrected bill of costs is now $3,685.10. (*Id.*; ECF Nos. 96; 97; & 100.) The request is both reasonable and supported and will therefore be granted.

**II. Milwaukee Montessori Is Entitled to Reasonable Attorney's Fees, But the Court Requires Additional Briefing to Determine a Reasonable Award.**

Both the ADA and Rehabilitation Act give the Court discretion to award attorney's fees to a "prevailing party." 42 U.S.C. §12205; 29 U.S.C. §794a(b). The Supreme Court has interpreted the term "prevailing party" consistently across different statutes with fee-shifting provisions. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). The Court has stated that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Id.* (citing *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 289 (1989)). In *CRST Van Expedited*, the Court confirmed that defendants who do not obtain a favorable ruling on the merits may still be considered prevailing parties for the purposes of fee-shifting. *Id.* at 421. Indeed, a defendant succeeds "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* at 431. In *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000), a case that predates *CRST*, the Seventh Circuit held that "when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party.'"

Plaintiffs insist Milwaukee Montessori is not a prevailing party in this litigation. First, Plaintiffs argue that because their case was dismissed without prejudice, the legal relationship between the parties has not materially changed, and the Plaintiffs could still bring suit against Milwaukee Montessori on the *same grounds* if they chose to do so. (ECF No. 108 at 6–7 (citing *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir. 1987).) This argument is not a winner. Plaintiffs' claims based on these "same grounds" are foreclosed by their dismissal for want of jurisdiction. (ECF No. 93 at 11); *see Citizens for a Better Env't*, 230 F.3d at 930. Milwaukee Montessori "rebuffed" the Plaintiffs' challenge; it prevented the material alteration the Plaintiffs sought through its successful Motion for Summary Judgment; it does not have to readmit J.L., or give the Plaintiffs any other form of relief in relation to this lawsuit. *See CRST Van Expedited, Inc.*, 578 U.S. at 421. While Plaintiffs argue that they could revive this claim, contingent on the occurrence of a series of new facts, (ECF No. 111 at 2–3), standing does not exist now. *This* claim, based on actions that Milwaukee Montessori allegedly took in 2021, is foreclosed; there is no longer a sufficiently concrete injury to provide standing, and standing could not exist but for new actions that would effectively constitute a new, sufficiently concrete, injury. (ECF No. 93.)

Second, Plaintiffs argue that, because Milwaukee Montessori must pay them $69,000 in relation to the settlement that Milwaukee Montessori reached with the government, (ECF No. 108 at 7), Plaintiffs benefited from the material shift in the parties' legal relationship and are the prevailing party. But the result of a settlement, outside of this litigation, between the government and Milwaukee Montessori does not determine the prevailing party in this litigation. In the end, the Court concludes Milwaukee Montessori is the prevailing party.

Although it is a prevailing party, Milwaukee Montessori, as a prevailing defendant, has another hurdle to clear to show it is entitled to attorney's fees. Under 42 U.S.C. §12205, and other statutes with similar fee-shifting provisions, the Court may only award attorney's fees to a prevailing defendant if: (1) the plaintiffs' claims were "frivolous, unreasonable, or groundless;" (2) plaintiffs continued to litigate after their claims clearly became so; or (3) if plaintiffs brought their claims in bad faith. *CRST Van Expedited, Inc.,* 578 U.S. at 422–23 (quoting *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978); *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998).

Plaintiffs argue Milwaukee Montessori is not entitled to attorney's fees because their claims were not frivolous, they acted reasonably in maintaining their lawsuit, and the case was not brought in bad faith. They rely upon an Eleventh Circuit case, *Cordoba v. Dillard's Inc.*, 419 F.3d 1169 (11th Cir. 2005), which differentiates between extremely weak cases on the one hand, and frivolous cases on the other, in the context of fee awards under the ADA. In *Cordoba*, the plaintiff asserted a speculative theory that her manager had constructive knowledge of her disability, a heart condition that she herself was unaware of at the time, and that her manager terminated her employment based on that constructive knowledge. *Id.* at 1181–82. The district court awarded fees to the defendant, but the court of appeals reversed, holding that even if the plaintiff's claims were extremely weak, they were not frivolous, unreasonable, or without foundation. *Id.* at 1186–87. Given this conclusion, the Eleventh Circuit held the district court's award of fees and expenses was an abuse of discretion. *Id.* at 1182.

While the Court agrees that at the inception of this lawsuit, Plaintiffs' claims were not without foundation, Plaintiffs' ongoing prosecution of this case, without disclosing their move to London after hotly contested battles over standing, puts this case in a much different posture than *Cordoba*. At some point, it became unreasonable for Plaintiffs to continue to assert that they had standing. *When* that occurred is the relevant question. To resolve that issue, the Court will look

to cases in which a plaintiff's suit became frivolous during discovery or were found to be frivolous because there was no basis for subject matter jurisdiction.

A suit becomes frivolous or unreasonable to maintain once the plaintiffs know or should know that they are unable to produce facts that could entitle them to relief. For instance, in *D.S. v. East Porter County School Corp.*, 981 F.Supp.2d 805 (N.D. Ind. 2013), the Northern District of Indiana addressed defendant's attorney's fees in a case that became frivolous to maintain during discovery. The plaintiffs alleged the defendant school district discriminated against their child by refusing her admission to an open-enrollment public school as an out-of-district transfer student. *Id.* at 811. But discovery, specifically the plaintiffs' own depositions, showed there was no direct evidence of discrimination by the school district, and no evidence that any similarly situated student had been admitted, and therefore no basis to find any discrimination had occurred. *Id.* That court awarded attorney's fees to the defendant for the period starting immediately after the plaintiffs were deposed, when it was clear that the facts known to the plaintiffs established there was no basis to maintain the suit. *Id.* at 811–12. Similarly, in *Milam v. Dominick's Finer Foods, Inc.*, the plaintiffs learned during litigation that they had no possibility of showing any damages, and therefore no possibility of relief. 588 F.3d 955, 956–59 (7th Cir. 2009) (holding that being unable to describe any proper theory of damages rendered plaintiffs' suit frivolous).

Courts have also found it frivolous to maintain litigation when there is a clear bar to subject matter jurisdiction. For instance, in *Werch v. City of Berlin*, 673 F.2d 192 (7th Cir. 1982), the plaintiff attempted to contest a state tax by seeking injunctive relief through a §1983 claim. The case was dismissed for lack of subject matter jurisdiction. *Id.* at 194 (noting "28 U.S.C. §1341[] bars a taxpayer from contesting the validity of a state tax in a section 1983 injunction action if there is a 'plain, speedy and efficient' state remedy available"). The District Court awarded attorney's fees to the defendant and the Seventh Circuit affirmed, noting the plaintiff "should have known that his claim for injunctive relief would be dismissed for lack of subject matter jurisdiction." *Id.* at 195.

By extension, once the facts known to Plaintiffs made it clear they no longer had standing, Plaintiffs' failure to immediately disclose those facts and their actions in continuing the lawsuit were frivolous. As established through their deposition testimony, Plaintiffs knew facts that foreclosed their claim for injunctive relief and therefore knew there was no basis for subject matter jurisdiction following their move. *See E. Porter Cnty. Sch. Corp.*, 981 F.Supp.2d at 811; *Werch*,

673 F.2d 192 at 195. It then became unreasonable for Plaintiffs to continue this case. (ECF No. 93 at 5–6.) Plaintiffs did not disclose their move to the Court or to Milwaukee Montessori until Plaintiffs' July 2024 depositions. (ECF No. 114 at 3.) Their concealment of their move reinforces the finding that they themselves knew that continuing the case following their departure to England defeated their claims for injunctive relief.

The Court concludes that Plaintiffs are responsible for paying all reasonable fees that Milwaukee Montessori incurred following Plaintiffs' move to England up until the dismissal order. But determining the amount of those fees is impossible based on the current record. Milwaukee Montessori requests $439,224.50 in attorney's fees but has not substantiated this amount or explained when the fees were incurred. (ECF No. 98 ¶13.) Complicating this matter, while this litigation was pending, the USDOJ was simultaneously investigating Milwaukee Montessori under the ADA, and J.L. was one of the students whose treatment was at issue in that proceeding. (*See* ECF No. 113-4 at 3.) Milwaukee Montessori reached an agreement to pay $240,000 in money damages to various children who attended the school, including J.L., and a civil penalty of $50,000 to the United States. (ECF No. 106-1 at 11–12.) Plaintiffs assert that the motion for attorney's fees is an attempt to defray the costs of Milwaukee Montessori's settlement in this other matter. (ECF No. 108 at 11–13.) The Court agrees that fees paid in connection with the USDOJ litigation are not recoverable here.

Given these complications, the Court requires additional information to determine the amount of an appropriate award of attorney's fees. Milwaukee Montessori may claim reasonable attorney's fees incurred after the Plaintiffs moved to London in August 2023 and no longer had standing to pursue their claims for injunctive relief. It may not recover fees related to the USDOJ dispute. The Court therefore directs the parties to meet and confer to establish a reasonable award of attorney's fees incurred after the Plaintiffs moved, but before the case was dismissed. The parties must meet and confer within 30 days of this Order, by December 3, 2025. If the parties fail to agree, then Milwaukee Montessori must file a brief to provide information substantiating the fees it claims, and that those fees are unrelated to similar work counsel may have performed in relation to the USDOJ litigation that also involved J.L. If it is required, Milwaukee Montessori must submit its brief by December 17, 2025. If the Plaintiffs wish to respond, they must file their additional briefing explaining why Milwaukee Montessori's claimed fees are unreasonable, unrelated to this litigation, or otherwise inappropriate within 14 days of Milwaukee Montessori's

filing. If the parties fail to agree, the Court will determine an appropriate award considering the supplemental briefing.

### III. Plaintiff's Motion for Sanctions is Denied.

In response to Milwaukee Montessori's Bill of Costs and Motion for Attorneys' Fees, Plaintiffs have moved for Rule 11 sanctions, claiming the school's requests were brought in bad faith and for the purpose of harassment. (ECF No. 107 at 3–4.) Plaintiffs contend that the requests for fees and costs amount to an underhanded effort to force Plaintiffs to pay the costs of Milwaukee Montessori's settlement with the government in the parallel civil enforcement matter. (*Id.*)

Milwaukee Montessori and its counsel insist this motion should be denied because Plaintiffs failed to comply with the Rule 11 safe harbor requirements. (ECF No. 112 at 5.) Under Federal Rule of Civil Procedure 11(c)(2), a party must notify its adversary of its intent to file a Rule 11 motion for sanctions, and may not file or present its motion for sanctions "if the challenged paper, claim defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]" This provides a 21 day safe harbor period for an adversary to cure the alleged defect that could subject it to sanctions. Milwaukee Montessori filed its bill of costs and motion for attorney's fees on May 7, 2025, (ECF Nos. 96 & 98), and Plaintiffs filed their motion for sanctions on May 28, 2025, without serving Milwaukee Montessori any copy of their motion for sanctions, (ECF No. 107.) Thus, Milwaukee Montessori argues, Plaintiffs failed to provide the 21-day notice required by Rule 11. (ECF No. 112 at 8.)

In response, Plaintiffs make two arguments. First, Plaintiffs insist that the 21-day safe harbor period started when Milwaukee Montessori filed its bill of costs and motion for attorney's fees, with no action required by Plaintiffs, and they merely had to wait 21 days to then file *their* motion. (ECF No. 115 at 2–3.) Plaintiffs cite no authority that supports this interpretation. They cite no authority because there is none. It does not make sense to read Rule 11(c) in this way.[2] Second, Plaintiffs argue that their counsel's communications with Milwaukee Montessori's counsel constitute substantial compliance with Rule 11's safe harbor provision. While the Seventh Circuit has recognized that substantial compliance with Rule 11(c)(2) is sufficient, *see Northern*

---

[2] The plain text of Rule 11(c)(2) forecloses this argument. ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

*Illinois Telecom, Inc. v. PNC Bank, NA,* 850 F.3d 880, 882 (7th Cir. 2017), Plaintiffs' conduct here does not amount to substantial compliance.

In *Nisenbaum v. Milwaukee County,* the district court denied a Rule 11 motion for sanctions for noncompliance with the safe harbor provision because the defendants had sent a letter informing the plaintiff of a problem with his pleading and their intention to seek sanctions, rather than serving a copy of the motion for sanctions before filing it. 333 F.3d 804, 808 (7th Cir. 2003). The Seventh Circuit held that the defendants had substantially complied with Rule 11(c) because they informed the plaintiff in writing of the problem with his pleading and their intent to file a motion for sanctions and then provided "more than 21 days" for the plaintiff to withdraw or modify his pleading. *Id.* The Court of Appeals therefore reversed the district court's decision denying the motion. *Id.*

*Niesenbaum* is distinguishable from Plaintiffs' actions. On May 21, 2025, Plaintiffs' counsel sent an email stating "if you withdraw your motions for costs and attorney's fees by the close of business tomorrow, May 22nd, before I have to engage in further work in defending against these motions, my clients will agree not to seek sanctions against you for filing those motions." (ECF No. 113-1 at 3.) This email provided only one day for compliance and was sent only seven days before Plaintiffs' counsel filed his sanctions motion for sanctions. That is not substantial compliance with Rule 11(c). *See N. Illinois Telecom, Inc.* 850 F.3d at 888 (rejecting two demand letters, one giving an adversary eight days to dismiss a suit, the other six, before facing sanctions, as insufficient to show substantial compliance with Rule 11(c)(2)). While Plaintiffs' counsel also emailed with Aziere on May 7, in response to Milwaukee Montessori's Motion for Attorney Fees and Bill of Costs, (ECF No. 113-7), that email does not substantially comply with the requirements of Rule 11(c)(2) because it did not clearly indicate Plaintiffs' intention to seek sanctions.

Plaintiffs argue that the Court also has inherent power under Federal Rule of Civil Procedure 11(c)(3) to sanction Aziere for filing a Motion for Attorney's Fees for an improper purpose and should do so. (ECF No. 115 at 4.) The Court will not sanction Aziere under Rule 11. As discussed above, for these purposes, Milwaukee Montessori was the prevailing party and was eligible to be awarded costs and attorney's fees.

Plaintiffs similarly assert that Aziere's conduct on May 7—withdrawing a settlement agreement after Plaintiffs agreed to sign it and then filing the Motion for Attorney's Fees and

Costs—was worthy of sanctions. This conduct is not inspiring, but the record confirms that counsel had a basis for withdrawing the offer: there were in fact contingencies on the settlement agreement to which Milwaukee Montessori did not agree. (ECF Nos. 113-7 at 1; 113-5.) Plaintiffs asserted in their motion that they agreed to the settlement with no contingencies. (ECF No. 107 ¶5.) The record proves this to be incorrect. Accordingly, the Court will deny Plaintiffs' motion for sanctions. The Court declines to award attorney's fees to Milwaukee Montessori for the defense of this Rule 11 Motion. This game of tit for tat must end.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Milwaukee Montessori is awarded costs in the amount of $3,685.10.

**IT IS FURTHER ORDERED** that Milwaukee Montessori's Motion for Attorney's Fees, ECF No. 98, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Milwaukee Montessori and Plaintiffs must meet and confer to attempt to reach an agreement on an amount of reasonable attorney's fees by December 3, 2025. If the parties fail to agree, Milwaukee Montessori must provide evidence to support the amount claimed in its Motion for Attorney's Fees by December 17, 2025. Plaintiffs may respond within 14 days of Milwaukee Montessori's filing.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions, ECF No. 107, is **DENIED.**

Dated at Milwaukee, Wisconsin on November 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge